**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

DEMETRIUS HANNA, #08768-007,

       Petitioner,

v.                                                                                 ACTION NO.
                                                                                  2:04cv585

BUREAU OF PRISONS,

and

U.S. PAROLE COMMISSION,

       Respondents.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

**A. Background**

In the Superior Court for the District of Columbia, petitioner Demetrius Hanna ("Hanna") pled guilty to conspiracy and voluntary manslaughter while armed and was sentenced to a term of nine to twenty-seven years imprisonment. According to the arresting documents, Hanna's victim was found handcuffed and gagged in the closet of his apartment. He had suffered a bullet wound

to the head, and had blunt force injuries to the face resulting in a crushed nose, mouth and left eye. Further, a plastic hood was placed over his head and secured tightly with tape, and his legs were bound around the ankles. An investigation revealed Hanna and his co-defendants conspired to rob the victim, and one defendant subsequently shot the victim because it was believed the victim could identify one of the defendants.

Hanna applied to the United States Parole Commission ("the Commission") for parole on December 21, 2000, and received an initial parole hearing on March 21, 2001. The hearing examiner noted that Hanna had incurred two disciplinary infractions, and that Hanna expressed no remorse for the offense. Applying the parole guidelines, found at 28 C.F.R. § 2.80, the hearing examiner determined Hanna's guideline range was 115-131 months. Despite this, the hearing examiner recommended that Hanna be continued to a reconsideration hearing in July 2004, which would require the service of 139 months. The examiner found that a decision above the guidelines was called for due to the nature of the crime committed by Hanna. The Commission concurred with the hearing examiner, and advised Hanna in a Notice of Action dated July 5, 2001, that he would be continued to a reconsideration hearing in July 2004.

A reconsideration hearing was held on June 22, 2004. During the hearing, Hanna admitted to the offense, and stated that he was a juvenile at the time and his co-defendants were much older. Hanna had incurred one disciplinary report. The hearing examiner made a correction to the parole guidelines and calculated a rehearing range of 131-149 months. Based on the nature of Hanna's offense, the hearing examiner recommended that parole be denied and that Hanna be continued to a reconsideration hearing in June 2006.

Upon review of the recommendation, the Executive Hearing Examiner noted that a rehearing

2

could not be scheduled for less than thirty-six months pursuant to 28 C.F.R. § 2.75. Consequently, the Executive Hearing Examiner recommended a reconsideration hearing after 36 months. The Commission agreed with the recommendation, and Hanna was advised by a Notice of Action dated July 12, 2004, that he had been continued to a reconsideration hearing in June 2007. The Notice of Action explained that a departure from the guideline range of 131-149 months was warranted because Hanna "is a more serious risk than indicated by [his] Base Point Score, in that the instant offense involved extreme cruelty to the victim."

Hanna, presently in federal custody at F.C.I. Petersburg in Petersburg, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 29, 2004. On December 17, 2004, the U.S. Parole Commission filed a response, and on January 6, 2005, the Bureau of Prisons filed a response.

### B. Grounds Alleged

Hanna asserts that the following entitle him to relief under 28 U.S.C. § 2241:

- (a) the Commission has no jurisdiction over his case following the abolishment of the D.C. Board of Parole;

- (b) the Commission is imposing "double punishment" in his case;

- (c) he lost his "state 65% good time credit" and is being subjected to an "85% sanction" due to his transfer to the Bureau of Prisons; and,

- (d) the Bureau of Prison officials have lodged a frivolous detainer against him.

3

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.   The Commission's Jurisdiction

The National Capital Revitalization and Self-Government Improvement Act of 1997 ("Act") abolished the D. C. Board and vested authority over parole decisions involving District of Columbia Code felony offenders in the U.S. Parole Commission. See National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745. On August 5, 1998, the Commission assumed responsibility for making parole release determinations for all eligible D.C. Code offenders. Originally, the Commission was to be phased out of existence on October 31, 2002. See Pub. L. 104-232, § 2(a), 110 Stat. 3055. However, in 2002, Congress extended the Commission's existence by another three years, to October 31, 2005. See Pub. L. 107-273, Div. C, Title I, § 11017(a), 116 Stat. 1824.

The Commission was in existence with the responsibility for making parole release determinations in Hanna's case from the time Hanna first applied for parole in December of 2000 through the present. Therefore, Ground (a) should be DENIED.

B.   Imposition of "Double Punishment"

Hanna does not elaborate on his claim that the Commission is subjecting him to "double punishment." Hanna may be arguing that the Commission's denial of parole based on the same offense circumstances for which his sentence was originally imposed constitutes double jeopardy. However, double jeopardy does not apply to parole decisions. See Averhart v. Tutsie, 618 F.2d 479, 483 (7th Cir. 1980); United States v. Marmolejo, 915 F.2d 981, 983 (5th Cir. 1990); Kell v. U.S. Parole Commission, 26 F.3d 1016 (10th Cir. 1994).

Hanna may be asserting the Commission impermissibly double counted when it relied on the

same grounds to deny him parole at two separate parole hearings. "Double counting" takes place when an aggravating factor is relied upon first to calculate a presumptive parole date under the guidelines, and then is used a second time to extend the parole date beyond the presumptive parole date originally established. Hall v. Henderson, 672 A.2d 1047, 1055 (D.C. App. 1996); see also Alessi v. Quinlan, 711 F.2d 497 (2nd Cir. 1983). It is not considered double counting for the same factor to be considered at two separate parole hearings.

Regardless of which theory Hanna is relying upon, his risk to the community is a relevant factor to be considered at each parole hearing, and necessarily includes consideration of the underlying offense. See White v. Hyman, 647 A.2d 1175, 1179 (D.C.App. 1994). Consequently, Ground (b) should be denied.

C.   Calculation of Good Time Credit

Hanna argues the calculation of his good time credit was adversely affected by his transfer to the Bureau of Prisons. Hanna was sentenced under the "District of Columbia Good Time Credits Act" for offenses committed on or after April 11, 1987 until June 22, 1994, and that Act was used to calculate his good time credits.

Hanna's sentence began on June 2, 1994, he earned 384 days of good time credit, 545 days of pre-sentence credit, and 9 days of D. C. education credits pursuant to D.C. Code 1981 § 24-429 (presently D.C. Code § 24-221.01). As a result, Hanna's parole eligibility date was November 5, 2000, and he applied for parole on December 21, 2000. As discussed above, Hanna was denied parole based on the severity of the cruelty of his offense, not the calculation of his good time credit. Therefore, Ground (c) should be denied.

5

    D.    <u>Detainer</u>

Hanna asserts the Bureau of Prison officials have lodged a frivolous detainer against him. Neither the Commission nor the Bureau of Prisons has a record of any detainer lodged with another agency. Therefore, Ground (d) should be denied.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Hanna's petition for writ of habeas corpus be DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this

court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                              /s/
                              Tommy E. Miller
                              United States Magistrate Judge

Norfolk, Virginia

April 12, 2005

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Demetrius Hanna, #08768-007
F.C.I. Petersburg
P.O. Box 90043
Petersburg, VA 23804


Virginia L. Van Valkenburg, Esq.
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510


                                        Elizabeth H. Paret, Clerk


                                By _____
                                      Deputy Clerk

                                      April    , 2005